**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN**

**DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ |
| v. | : | **DATE FILED:** _____ |
| | : | **VIOLATIONS:** |
| **HANEEF LAWTON** | | 18 U.S.C. § 641 (theft of public money – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) Notice of forfeiture |

**INFORMATION**

**COUNT ONE**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was enacted to provide $2.2 trillion dollars in economic stimulus in response to the economic decline caused by the COVID-19 pandemic in the United States.

2. The provisions of The CARES Act, in conjunction with an officially declared disaster by the United States Government, allowed for the Small Business Administration ("SBA") to offer Economic Injury Disaster Loan ("EIDL") funding to business owners negatively affected by the COVID-19 pandemic. Using the SBA online portal, an EIDL applicant electronically submitted personal and business information in support of an EIDL application to demonstrate the applicant qualified for emergency assistance.

3. When submitting the application, the applicant was required to affirm that the information provided in support was true and correct under the penalty of perjury and

applicable federal criminal statutes. The application process involved filling out assorted data fields relating to the size of the affected business entity, the ownership of said business, and other information such as the number of employees and gross business revenues realized in the 12 months prior to COVID-19's impact on the national economy. This information, submitted by the applicant, was then used by the SBA to calculate the principal amount of money the small business was eligible to receive in the form of an EIDL. However, in conjunction with the submission of an EIDL application, by simply checking a box within the on-line application, an applicant could also request from the SBA up to $10,000.00 from a Disaster Loan Emergency Advance (Grant) based on the number of employees at the applicant's business.

4. The SBA Office of Disaster Assistance (ODA) controlled the EIDL program and was headquartered at 409 3rd Street SW, Washington, DC 20416. The ODA had authority over all loans created and disbursed under the EIDL program. EIDL principal proceeds and available Grants (up to $10,000) were solely funded by the SBA and were disbursed from government-controlled accounts maintained with the U.S. Treasury at Federal Reserve Banks throughout the United States.

5. Pursuant to the provisions governing the EIDL program, loan proceeds were to be used by an applicant's business on certain permissible business-related expenses. The EIDL (working capital) loans could be used by the afflicted business, which must have existed in an operational condition on February 1, 2020, to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the COVID-19 disaster not occurred.

6. On or about June 30, 2020, defendant HANEEF LAWTON, aided and abetted by another individual known to the United States Attorney, submitted an EIDL program application to the SBA. On the application, defendant LAWTON falsely stated that he owned a sole proprietorship located at his residential address in Philadelphia, Pennsylvania. On the application, LAWTON also falsely stated that a) the business activity was "agriculture;" b) his business had fifty other employees; and c) in the twelve months prior to the pandemic his business had $145,000 in sales, $18,000 in cost of goods sold, $8,000 in lost rent due to the disaster, and $18,000 in cost of operation. For the fictitious business's tax ID number, LAWTON listed his social security number. LAWTON opted on the application to be considered for an immediate $10,000 Grant. For deposit information, LAWTON provided his personal Wells Fargo account ending in 5781. At the end of the application, under the penalty of perjury under the laws of the United States, LAWTON certified that all of this information was true and correct.

7. As a result of defendant HANEEF LAWTON's false application, the SBA approved LAWTON's request for the $10,000 Grant on June 30, 2020.

8. On or about July 1, 2020, the SBA disbursed the $10,000 Grant, which was deposited into defendant HANEEF LAWTON's Wells Fargo account ending in 5781 on or about July 2, 2020. Defendant LAWTON did not use any of the $10,000 Grant for a proper business purpose as required. Instead, LAWTON spent the $10,000 by withdrawing large cash amounts at ATMs, transferring $1,500 to his accomplice, and making multiple debit card transactions.

9. On or about July 2, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**HANEEF LAWTON**

did knowingly steal and convert to his use and the use of another, money and a thing of value of the United States, specifically, Economic Injury Disaster Loan (EIDL) funds under the care of the United States Small Business Administration, in a value exceeding $1,000, and aided and abetted the same.

In violation of Title 18, United States Code, Sections 641 and 2.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTONREY FURTHER CHARGES THAT:**

At all times relevant to this information:

1. As a result of the violation of Title 18, United States Code, Section 641 set forth in this information, defendant

**HANEEF LAWTON**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $10,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

>  (a) cannot be located upon the exercise of due diligence;
>
>  (b) has been transferred or sold to, or deposited with, a third party;
>
>  (c) has been placed beyond the jurisdiction of the Court;
>
>  (d) has been substantially diminished in value; or
>
>  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

_____
**JENNIFER ARBITTIER WILLIAMS**
**UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

v.

HANEEF LAWTON

INFORMATION

18 U.S.C. § 641 (theft of public money – 1 count); 18 U.S.C. § 2 (aiding and abetting)

A true bill.

_____
Foreman

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Clerk

Bail, $_____